# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 22-7111

September Term 2022

FILED ON: MARCH 28, 2023

MELCHIOR A. GEORGE,
      APPELLANT

v.

MOLSON COORS BEVERAGE COMPANY USA, LLC,
      APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cv-01914)

Before: RAO, *Circuit Judge*, and SENTELLE and ROGERS, *Senior Circuit Judges*

## J U D G M E N T

This case was considered on the record from the United States District Court for the District of Columbia and the briefs and arguments of the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

Melchior George, a former sales executive, sued Molson Coors Beverage Company ("Molson Coors") for disability discrimination under the District of Columbia Human Rights Act, D.C. Code § 2-1401.01 *et seq.*, and retaliation under the federal Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* The district court granted summary judgment to Molson Coors, ruling that no evidence in the record could support a finding that at the time of George's termination he was an otherwise "qualified" individual within the meaning of the Human Rights Act or that Molson Coors unlawfully retaliated against him for taking medical leave protected by the Leave Act. The court affirms.

Since 2011, George served as a "National Sales Executive" at Molson Coors, responsible for developing and implementing a sales plan to improve the sales of its products in Buffalo Wild Wings restaurants located east of the Mississippi River. While George was based in Washington,

D.C., he spent 40–50% of his time on plane trips outside the Washington area because "[t]he daily execution of the requirements of [his] job involved travel" during which he would attend "[m]eeting presentations," serve as a beer sommelier at "dinner presentations," make "retail calls," and entertain "large groups of Buffalo Wild Wings['s] key stakeholders in those territories." George Dep. Tr. 40–42, Jan. 19, 2022. Beginning in July 2018, George experienced bouts of dizziness and "debilitating nausea" and, as his condition worsened, he took leave from work in February 2019 under the Leave Act. *Id*. at 156–57. After being diagnosed with congestive heart failure, George underwent heart-transplant surgery in May 2019 and remained on leave under Molson Coors's short-term disability policy.

Upon exhausting his short-term disability benefits in August 2019, George notified Molson Coors of his desire to return to work with certain restrictions ordered by his doctors: avoid travel by plane or train; limit his total driving time to 10-12 hours per week; remain at all times within a three-hour driving radius from his Washington, D.C., hospital; and avoid large crowds until May 2020 at the earliest. In addition, George was unwilling to relocate from Washington because his daughter was attending high school. Molson Coors's human resources staff promptly responded to George's request for an accommodation, met with him on several occasions to discuss the request and sought more information from his physicians to help determine an appropriate accommodation. After learning of George's medical restrictions, the staff looked to the job description for his role and conferred with his supervisor to determine whether his functions could be carried out remotely pursuant to Molson Coors's accommodations process. Through the process they determined that he could not fulfill his role and that there was no open role for which he was qualified in light of his medical restrictions and unwillingness to relocate. In November 2019, George was terminated pursuant to Molson Coors's short-term disability policy, which provides that "termination of employment may result if an employee . . . [i]s unable to return to work, with or without reasonable accommodation as determined on a case-by-case basis through an interactive process" after the employee exhausts his short-term disability benefits. J.A. 254.

George contends that Molson Coors discriminated against him in violation of the Human Rights Act by failing to reasonably accommodate his medical restrictions. To withstand summary judgment, George must present sufficient evidence to allow a reasonable factfinder to conclude that he (1) "suffered from a disability" within the meaning of the Human Rights Act; (2) was "qualified" for the National Sales Executive position; and (3) "suffered an adverse employment action because of [his] disability." *Hunt v. District of Columbia*, 66 A.3d 987, 990 (D.C. 2013) (internal quotation marks omitted); *see Giles v. Transit Emps. Fed. Credit Union*, 794 F.3d 1, 5 (D.C. Cir. 2015). An individual is "qualified" if he can "perform the essential functions" of his position "with or without reasonable accommodation." *Minter v. District of Columbia*, 809 F.3d 66, 69–70 (D.C. Cir. 2015). Because there is no genuine dispute as to George's inability to perform the "essential functions" of his position with or without reasonable accommodation, his *prima facie* case fails and Molson Coors is entitled to summary judgment. *See Swanks v. Washington Metro. Area Transit Auth*., 179 F.3d 929, 934 (D.C. Cir. 1999).

Molson Coors proffered substantial evidence that extensive travel beyond a three-hour driving radius from Washington, D.C., was an "essential function" of George's position. The job

description, dated September 2015, states that "[a]pproximately 50-60% travel is associated with th[e] position," J.A. 284, which translates to travel for "3-4 days a week" and a "[m]inimum of 9 days of travel via flight[s] per month," J.A. 116. *See Doak v. Johnson*, 798 F.3d 1096, 1098 (D.C. Cir. 2015). George acknowledged as much at his deposition. George Dep. Tr. 40–42, Jan. 19, 2022. According to a sales-origination map in the record, Buffalo Wild Wings restaurants located in Ohio, Michigan, and Indiana generated half of the total sales volume in the area for which George was responsible. George's direct supervisor produced a list of his major customers, all of whom were based in locations well beyond a three-hour driving radius from Washington. The court accords "substantial weight," *Hunt*, 66 A.3d at 990, to Molson Coors's evidence that George's sales role required in-person interaction because he "was to be customer facing, to be able to see the . . . facilities, [and] work directly with folks on[-]site," Nellans Dep. Tr. 231, Dec. 14, 2021. *See Barbour v. Browner*, 181 F.3d 1342, 1346 (D.C. Cir. 1999). George has failed to identify record evidence undermining any of that. Because George's position required extensive travel precluded by his medical restrictions, the district court did not err in concluding that George was not "qualified" for his role and that Molson Coors was therefore entitled to summary judgment on the disability discrimination claim.

George also contends that Molson Coors unlawfully retaliated against him for taking medical leave to which he was entitled under the Leave Act by giving him a negative performance review for his work in 2018 and by terminating his employment. *See* 29 U.S.C. § 2615(a). To make a *prima facie* showing of retaliation, George must establish that (1) he "engaged in a protected activity under th[e] statute"; (2) he "was adversely affected by an employment decision"; and (3) "the protected activity and the adverse employment action were causally connected." *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1368 (D.C. Cir. 2000). Molson Coors may rebut this *prima facie* case by presenting evidence of a "legitimate, nonretaliatory justification" for its action and, if it does, George "must respond with sufficient evidence to create a genuine dispute on the ultimate issue of retaliation either directly by showing that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Solomon v. Vilsack*, 763 F.3d 1, 14 (D.C. Cir. 2014) (internal quotation marks and alterations omitted); *see Gordon v. U.S. Capitol Police*, 778 F.3d 158, 207–08 (D.C. Cir. 2015).

George maintains that his supervisors critically reviewed his work to retaliate against him for taking medical leave. Molson Coors responds principally by offering a nonretaliatory justification for the critical part of the review: the negative feedback that George's supervisors received. According to his direct supervisor's testimony, she received negative feedback from George's customers while "cover[ing] his business" during his medical leave. Delaney Dep. Tr. 19, Jan. 28, 2022. His internal counterparts reported that he appeared to lack "a sense of urgency," observing that George's "voicemail was full. He didn't answer his emails. He [often] didn't . . . get back to people [and] missed deadlines." *Id*. That feedback was received before George began "spending time in and out of the hospital in late 2018." Delaney Decl. ¶ 11. Christopher Gick, his second-level supervisor, testified that George was often perceived to be "aloof" in business meetings. Gick Dep. Tr. 67, Jan. 11, 2022. To overcome Molson Coors's "legitimate, nonretaliatory justification," *Solomon*, 763 F.3d at 14, George only points to the "temporal proximity" between

his leave and the review, Appellant's Br. 45. But "dislodging an employer's nonretaliatory explanation as pretextual . . . requires 'positive evidence beyond mere proximity,'" *Waggel v. George Washington Univ.*, 957 F.3d 1364, 1376 (D.C. Cir. 2020) (quoting *Minter*, 809 F.3d at 71–72), and George has offered none.

George maintains, moreover, that by discharging him Molson Coors unlawfully retaliated against him for taking leave. Molson Coors responds that George's *prima facie* case fails on causality because his termination occurred on November 25, 2019, more than nine months after he initially took medical leave and six months after he exhausted it; and that, at any rate, George was terminated not in retaliation but in view of the medical restrictions that precluded him from fulfilling his job duties. The court "need not decide whether [George] established a *prima facie* case of retaliation because [Molson Coors] came forward with a legitimate, non-retaliatory justification" for the termination. *Solomon*, 763 F.3d at 14. Because "the burden-shifting framework fell away," the "only question is the ultimate factual issue in the case—retaliation '*vel non*.'" *Id.* (quoting *Jones v. Bernanke*, 557 F.3d 670, 678 (D.C. Cir. 2009)).

Viewed separately or in combination, George's evidence does not create a genuine issue as to retaliation. Gick's emails, which expressed displeasure about George's prolonged absence from work, do not support retaliation because Gick was not the relevant decisionmaker in George's termination. The district court found that "Gick had no role in the decision to terminate George," *George v. Molson Coors Beverage Co. USA*, No. 1:20-CV-01914, 2022 WL 2643537, at *15 (D.D.C. July 8, 2022), and "stray remarks by non-decisionmakers are not generally direct evidence of discrimination," *Waggel*, 957 F.3d at 1374; *see Adeyemi v. District of Columbia*, 525 F.3d 1222, 1229 (D.C. Cir. 2008). Although the "actions of a discriminatory supervisor that feed into and causally influence the decisionmaker's ultimate determination may" support a retaliatory motive, *Steele v. Mattis*, 899 F.3d 943, 950 (D.C. Cir. 2018), none of those factual predicates are met here. The 2018 performance review also does not suggest a retaliatory motive because George's past performance was not a basis for the termination decision.

Accordingly, the district court did not err in granting summary judgment to Molson Coors. Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk